1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8                                 * * *
9    JOSE V. RODRIGUEZ,                    )
                                           )
10                      Plaintiff,         )        2:10-CV-0957–LRH–PAL
                                           )
11    v.                                   )
                                           )        ORDER
12   ALLSTATE PROPERTY AND CASUALTY        )
     INSURANCE COMPANY,                    )
13                                         )
                        Defendant.         )
14   _____       )

15         Before the court is defendant Allstate Property and Casualty Insurance Company's

16   ("Allstate") notice of removal. Doc. #1.[1]

17         "[A]ny civil action brought in a State court of which the district courts of the United States

18   have original jurisdiction, may be removed by the defendant or the defendants, to the district court

19   of the United States."  28 U.S.C. § 1441(a). After a party files a petition for removal, the court must

20   determine whether federal jurisdiction exists, even if no objection is made to removal.  *See Rains v.*

21   *Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).

22         The district courts of the United States have original jurisdiction of civil actions when the

23   suit is between citizens of different states and the amount in controversy, exclusive of interest and

24   costs, exceeds $75,000.  28 U.S.C. § 1332(a). If a complaint does not specify the amount of

25

26

           [1]Refers to the court's docket

1  damages, "the removing defendant bears the burden of establishing, by a preponderance of the

2  evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins.*

3  *Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The court may consider facts in the removal petition and

4  may require parties to submit summary-judgment-type evidence relevant to the amount in

5  controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006)

6  (internal quotation marks omitted).

7         After review of the complaint and defendants' petition for removal, the court finds it

8  requires more evidence to determine whether it has subject matter jurisdiction over this case.

9  Allstate claims that plaintiff is seeking general and compensatory damages in excess of $10,000

10 and punitive damages which has the potential to exceed $75,000. Doc. #1. However, this statement

11 alone is insufficient to establish jurisdiction. Jurisdiction will only exist if defendants can present

12 "summary-judgment-type evidence" to establish by a preponderance of the evidence that this case

13 meets § 1332(a)'s amount in controversy requirement. Allstate is therefore granted leave to present

14 evidence in order to establish that this action involves the requisite amount in controversy.

15

16        IT IS THEREFORE ORDERED that defendant shall have twenty (20) days from the filing

17 of this order to establish the minimum amount in controversy for the exercise of diversity

18 jurisdiction.

19        IT IS SO ORDERED.

20        DATED this 23rd day of July, 2010.

21

22                                              _____

23                                              LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE

24

25

26                                              2