UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE V. RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | 2:10-CV-0957-LRH-PAL |
| ) | |
| v. ) | |
| ) | ORDER |
| ALLSTATE PROPERTY AND CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is defendant Allstate Property and Casualty Insurance Company's ("Allstate") notice of removal. Doc. #1.[1]

Plaintiff Jose V. Rodriguez ("Rodriguez") initiated the present action against defendants on June 3, 2010, in the Eighth Judicial District Court for Clark County, Nevada. On June 18, 2010, Allstate removed this action to federal court on the basis of diversity jurisdiction. Doc. #1.

On July 26, 2010, the court reviewed the removal petition and held that it was not clear from the complaint that the amount in controversy had been met. Doc. #10. The court granted defendants twenty days to establish the amount in controversy by submitting summary judgment type evidence to the court. *Id*. Thereafter, Allstate filed a supplement to its petition for removal. Doc. #11.

---

[1] Refers to the court's docket

Allstate argues that the amount in controversy has been met because, although Rodriguez has a $25,000 underinsured motorist policy, he has requested punitive damages. Under Nevada law, a plaintiff awarded less than $100,000 in compensatory damages may receive punitive damages up to $300,000. NRS § 42.005(1)(b). Therefore, Allstate argues that with punitive damages, the amount in controversy could be over the $75,000 requirement.

The court has reviewed Allstate's supplement for removal and finds that Allstate has not established that the amount in controversy has been met. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for damages, including attorney's fees and punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the mere possibility of a punitive damages award is not sufficient to prove that the amount in controversy has been met. In order to meet their burden for removal, Allstate must present evidence indicating the amount of punitive damages the Rodriguez seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, Allstate has failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by punitive damages claimed by Rodriguez. It has not shown that an award of punitive damages is a supportable claim in this action, nor has it established that any punitive damage award, if awarded, is more likely than not to exceed $50,000. Thus, Allstate has failed to meet their burden to prove that the amount in controversy has been met. Accordingly, the matter shall be remanded for lack of jurisdiction.

///

///

///

///

IT IS THEREFORE ORDERED that the present action, case no. 2:10-cv-0957-LRH-PAL, is REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE